

FILED & JUDGMENT ENTERED
Christine F. Ramsey

July  20  2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | |
|---|---|
| In re: <br><br> Systematic Audio, LLC, <br><br>    Debtor. | Case No.: 26-50236 <br> Chapter 11 |
| Systematic Audio, LLC, <br><br>    Plaintiff, <br><br> v. <br><br> Blue Building, LLC, Krubim 26 International, Inc. d/b/a WoofersEtc, David Soleymani, Joshua Soleymani, and Daniel Soleymani, <br><br>    Defendants. | Adversary Proc. No. 26-05001 (LTB) |

## ORDER ON MOTIONS RELATED TO AUTOMATIC STAY ISSUES

This cause coming on to be heard before the Honorable Laura T. Beyer, United

States Bankruptcy Judge for the Western District of North Carolina, on David

Soleymani and Krubim 26 International, Inc. d/b/a WoofersEtc's (the "State Court

Plaintiffs")[1] Motion for Relief from Automatic Stay (Dkt. 10) ("Motion for Relief from Stay") and Debtor's Motion for an Order (I) Declaring the Section 362 Automatic Stay Applies to Actions Against the Debtor's CEO, or (II) in the Alternative, Preliminarily Enjoining such Actions Under Section 105, and (III) Granting a Temporary Restraining Order Pending a Full Hearing on the Motion (Adv. Dkt. 2) (the "Motion to Extend Stay to Non-debtor and for Injunctive Relief"). Having considered the motions, the evidence and testimony presented at the hearing, the arguments of counsel, the applicable law, and the record in this case, the court finds and concludes as follows:

### A.    The Motion for Relief from Stay

1.    On May 4, 2023, the State Court Plaintiffs initiated litigation against Defendants Jacob Fuller and Sundown Audio, LLC in the General Court of Justice, Superior Court Division, of Catawba County, bearing Catawba County File No. 23CVS001091-170 (the "State Court Action"). The Debtor and non-debtor Scottie Johnson ("Johnson") were subsequently added as parties to the State Court Action.

2.    The State Court Action was designated as exceptional pursuant to Rule 2.1 of the General Rules of Practice for Superior and District Courts, and with the consent and approval of the parties, the Honorable Nathaniel J. Poovey, the Senior Resident Superior Court Judge for Catawba County, was assigned to preside over the case.

---

[1] This Motion was also filed on behalf of Blue Building, LLC, Joshua Soleymani, and Daniel Soleymani. They took dismissals of their claims in the State Court Action. However, because Debtor listed them as creditors, they also joined in this Motion.

3.      The jury trial of the State Court Action began on April 27, 2026.  At the conclusion of a three-week jury trial, the jury rendered verdicts in favor of the State Court Plaintiffs on almost all issues. The jury found Johnson liable for tortious interference with contract, fraud, and the commission of an unfair and deceptive trade practice ("UDTPA") in violation of N.C. Gen. Stat. § 75-1.1, *et. seq.*  Based upon a stipulation between the Debtor and Johnson, it appears the state court was to enter judgment against the Debtor and Johnson, jointly and severally. No explanation was provided to the court regarding the Debtor's entry into the stipulation, and this court questioned why the Debtor would have agreed to such a stipulation.  The jury awarded compensatory damages of $5,369,297.50 against Johnson for fraud, tortious interference with contract, and the commission of unfair and deceptive trade practices and also awarded punitive damages against him premised on the aggravating factors of fraud and malice in the amount of $16,107,897.50.

4.      On June 4, 2026, the State Court Plaintiffs submitted a proposed judgment to the state court.  Judge Poovey allowed Johnson and the Debtor until June 9, 2026, to provide comments.  The Debtor filed its Chapter 11 petition on June 9 before providing its comments to the state court, so a judgment has not been entered.

5.      The State Court Plaintiffs filed the instant Motion for Relief from Stay to allow Judge Poovey to enter judgment on the jury verdicts in the State Court Action and to entertain and rule on any post-trial motions.

6.    Under 11 U.S.C. § 362(d), the Bankruptcy Court "shall grant relief from the stay" for "cause." "Because the Code provides no definition of what constitutes 'cause,' courts must determine when discretionary relief is appropriate on a case-by-case basis." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). "[A] desire to permit an action to proceed to completion in another tribunal may provide . . . cause." *In re 210 West Liberty Holdings, LLC*, 400 B.R. 510, 514 (N.D. W. Va. 2009) (quoting HR Rep. No. 595, 95th Cong., 1st Sess. 343–33 (1977)).

7.    In the Fourth Circuit, bankruptcy courts, in making a determination of whether there is cause to lift the stay, "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Robbins*, 964 F.2d at 345. Accordingly, the Fourth Circuit has set forth three factors that courts must consider in deciding whether to lift the automatic stay with respect to pending litigation:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Id.*

8.     For the reasons set forth on the record, the court finds that the *Robbins* factors weigh in favor of the State Court Plaintiffs such that sufficient "cause" exists to lift the automatic stay to allow Judge Poovey, subject to the terms and conditions of this Order, to enter final judgment, rule on post-trial motions, including motions

4

for judgment notwithstanding the verdict, determine any award of attorneys' fees and costs, and permit any appeals in the State Court Action to proceed. The court concludes that is especially true given the procedural posture of the State Court Action at the time the Debtor filed this Chapter 11 case.

9. With respect to the first *Robbins* factor, Judge Poovey is best positioned to enter a final judgment, set forth the factual findings supporting the jury's punitive damages award, determine any interest to be awarded, and determine any award of attorneys' fees. While this court routinely adjudicates state law claims, the issues remaining in the State Court Action do not implicate the bankruptcy court's expertise. Rather, they arise solely under state law and are more appropriately resolved by the state court.

10. The second *Robbins* factor likewise weighs in favor of granting relief from the automatic stay. Judicial economy is best served by permitting Judge Poovey to resolve the limited matters remaining in the State Court Action. The case has already been tried to a jury, and Judge Poovey is uniquely familiar with the evidence, the parties' stipulations, and the procedural history of the case and has ruled on disputes concerning the issues submitted to the jury. Requiring this court to address those matters would unnecessarily duplicate the efforts of the state court and the parties, resulting in additional delay and expense. Under these circumstances, the prejudice to the State Court Plaintiffs from denying stay relief outweighs any prejudice to the Debtor. Allowing the state court to complete the proceedings through

entry of final judgment and resolution of post-trial matters is therefore the most efficient and appropriate course.

11.     The third *Robbins* factor also weighs in favor of granting relief. Allowing Judge Poovey to liquidate the State Court Plaintiffs' claims will not prejudice the Debtor's estate or other creditors because this court retains exclusive control over the administration of the estate and the enforcement of the automatic stay. The relief granted herein is limited to the entry of a final judgment and the resolution of any remaining post-trial matters, including any appeals. Nothing in this Order authorizes the State Court Plaintiffs to enforce any judgment, pursue collection efforts against the Debtor or property of the estate, foreclose upon estate property, or cause any judgment lien to attach absent further order of this court. The practical effect of this limited relief is to permit the court most familiar with the litigation to complete liquidation of the State Court Plaintiff's claims, while preserving this court's authority over the administration of the Debtor's estate. Accordingly, the court concludes that granting such relief will not materially affect the assets of the estate or prejudice the interests of other creditors.

**B.     Motion to Extend Stay to Non-debtor and for Injunctive Relief**

12.     Johnson has not filed for bankruptcy, and therefore the automatic stay is not applicable to proceedings against him. Bankruptcy Code § 362(a)(1) "is generally said to be available only to the debtor, not third-party defendants or co-defendants." *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986). A bankruptcy court may stay proceedings against non-bankrupt co-defendants only in

6

"unusual circumstances" where "something more than the mere fact that one of the parties to the lawsuit has filed Chapter 11 bankruptcy must be shown in order that proceedings be stayed against non-bankrupt parties." *Id.*

13.    The "unusual circumstances" exception does not apply where the non-debtor's liability is independent of the debtor's, "as, for example, where the debtor and another are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty." *A.H. Robins*, 788 F.2d at 999 (quoting *In re Metal Center*, 31 B.R. 458, 462 (D. Conn. 1983)). Stated differently, the exception does not apply where "the third party codefendant has obligations that are ' "independent" and primary, not derivative of those of the debtor.' " *Holland v. High Power Energy*, 248 B.R. 53, 58 (S.D. W. Va. 2000) (quoting *O'Malley Lumber Co. v. Lockard* (*In re Lockard*), 884 F.2d 1171, 1179 (9th Cir. 1989).

14.    The Debtor argues that the "unusual circumstances" exception applies where there is such an identify of interest that the Debtor is in effect the real party defendant, and that, by virtue of the parties' stipulation, a judgment against Johnson effectively constitutes a judgment against the Debtor. The court is not persuaded, however, that the relationship between the Debtor and Johnson gives rise to the type of identity of interests required to extend the automatic stay to Johnson.

15.    As *A.H. Robins* makes clear, the fact that a debtor and non-debtor may be jointly liable does not, standing alone, constitute the type of unusual circumstance that justifies extending the automatic stay. Here, the claims asserted in the State Court Action are not derivative of the Debtor's liability. Rather, they arise from

7

Johnson's own alleged conduct, as the jury found Johnson liable for fraud. In addition, any indemnification right Johnson may have does not alter that conclusion. The viability of those rights is uncertain given the jury's fraud verdict. In addition, the indemnification provision in the Operating Agreement appears to have been executed after the conduct giving rise to the State Court Plaintiffs' claims, and the Debtor's Chapter 11 filing may affect the enforceability or scope of any such indemnification rights. Accordingly, the court concludes that the "unusual circumstances" exception is inapplicable because Johnson's liability to the State Court Plaintiffs is direct and primary, rather than derivative of the Debtor's liability.

16.     At the hearing, the Debtor presented evidence that Johnson's day-to-day involvement with the Debtor was necessary for the operational success of the Debtor and, in turn, the Debtor's reorganization efforts. The Debtor further argued that absent extension of the stay, Johnson would be distracted by the State Court Action, impacting his ability to contribute to the Debtor's operations. The court is not persuaded. Johnson has been actively involved in the State Court Action for the past three years, including a three-week jury trial, yet the evidence reflects that the Debtor continued to operate successfully during that period. According to the Debtor's Independent Manager, the Debtor generated approximately $23 million in sales in 2025 and achieved EBITDA of approximately $3.4 million. Accordingly, the evidence does not establish that allowing the State Court Action to proceed against Johnson will materially impair the Debtor's operations or its reorganization efforts.

17.    The court further finds that the hardship to the State Court Plaintiffs resulting from any additional delay in obtaining a final judgment against Johnson outweighs any hardship the Debtor may suffer if the automatic stay is not extended to Johnson. In addition, because the court is permitting the State Court Action to proceed to final judgment as to the Debtor and Johnson, the Debtor's concerns regarding collateral estoppel, res judicata, and stare decisis do not provide a basis for extending the automatic stay to Johnson.

18.    With respect to the Debtor's request for injunctive relief, the court incorporates its analysis above to the extent applicable. The considerations that weigh against extending the automatic stay likewise weigh against the issuance of an injunction. Accordingly, the court limits its consideration to the first factor of the four-factor test for injunctive relief. Although the Debtor has begun its reorganization efforts and those efforts appear to have been successful thus far, the court cannot conclude, at this early stage of the Chapter 11 case, that the Debtor has demonstrated a likelihood of a successful reorganization. Accordingly, the court concludes the Debtor has not satisfied its burden of establishing entitlement to the extraordinary remedy of injunctive relief.

**THEREFORE**, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1.    The State Court Plaintiffs' Motion for Relief from Stay is **GRANTED** to allow the state court to enter final judgment against the Debtor in the State Court Action; rule on post-trial motions, including, but not limited to, any motions for

9

judgment notwithstanding the verdict; determine and award attorneys' fees and costs, if appropriate; and permit any appeal to proceed;

2.      Except as expressly provided herein, the automatic stay remains in full force and effect.  Nothing in this Order authorizes the State Court Plaintiffs to enforce any judgment against the Debtor or property of the estate, create or perfect any lien against the Debtor or its property, including springing statutory liens under N.C. Gen. Stat. § 1-234, or otherwise exercise or pursue any remedy against the Debtor or property of the estate during this case without further order of this court;

3.      The automatic stay shall not prohibit the State Court Plaintiffs from pursuing collection or enforcement of any judgment entered in the State Court Action against any party other than the Debtor; provided, however, that any effort or proceeding to enforce or realize upon any judgment against the Debtor or property of the Debtor shall, if at all, be pursued exclusively through proceedings in this court;

4.      The Debtor's[2] Motion to Extend Stay to Non-debtor and for Injunctive Relief is **DENIED**; and

5.      Pursuant to Bankruptcy Rule 4001(a)(4), this Order shall become effective 14 days from its entry.

This Order has been signed electronically.                    United States Bankruptcy Court
The judge's signature and Court's seal appear
at the top of the Order.

---

[2] The court's ruling also applies to any party who joined in the Debtor's Motion to Extend Stay to Non-debtor and for Injunctive Relief.

10